IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 27 2021

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**NADIA GRAVES, Individually and
on Behalf of All Others Similarly Situated**                                        **PLAINTIFF**

v.                                    Case No. 4:21-cv-_457-BSM_

**STEVE MITCHELL and
PROFESSIONAL COATINGS, INC.**                                                       **DEFENDANTS**

COMES NOW Nadia Graves individually and on behalf of all others similarly situated, by and through her attorneys Chris Burks and Greg Ivester of WH LAW, for her Complaint against Professional Coatings, Inc., does hereby state and allege as follows:

This case assigned to District Judge _Miller_
and to Magistrate Judge _Ray_

## I. INTRODUCTION

1. This is an action brought by Plaintiff against Defendants Professional Coatings, Inc. ("the Company") and Steve Mitchell ("Mitchell"), the owner and operator of the Company, for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA"), and for creating a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

2. Plaintiff, individually and on behalf of all others similarly situated, seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of Defendant's policy and practice of failing to pay Plaintiff and other similarly situated individuals proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the AMWA as described, *infra*.

4. Defendant Mitchell's actions constitute sexual harassment in violation of the Arkansas Civil Rights Act of 1993 by intentionally creating a hostile work environment in which Plaintiff was regularly harassed and demeaned on the basis of her sex.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff, individually and on behalf of all others similarly situated, within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a citizen and resident of the City of Vilonia, Faulkner County,

Arkansas.

10. Plaintiff worked for Defendants at the relevant times during the three years preceding the filing of this Complaint, from approximately July 31, 2020 to February 4, 2021.

11. At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

12. Defendant Professional Coatings, Inc. is a domestic for-profit corporation with its principal place of business being located in the city of Cabot, Lonoke County.

13. The Company's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14. During each of the three years preceding the filing of this Complaint, the Company employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

15. The Company's registered agent for service of process is Herbert E. Mitchell, 302 East Lee Avenue, Sherwood, AR 72116.

16. Upon information and belief Separate Defendant Steve Mitchell is a principal, director, and/or officer of the Company, and owns all or part of the Company.

17. Mitchell manages and controls the day-to-day operation of Defendants, and dictates the employment policies of the Company, including but not limited to the decision to misclassify Plaintiff under the FLSA.

18. Mitchell established and/or maintained the policies at issue in this case

including, but not limited to, the decision to refuse to pay the Plaintiff overtime wages of 1/5 times her regular hourly rate for hours worked greater than forty (40), as required under the FLSA and AMWA.

19. Mitchell was at all times relevant hereto Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

20. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies, and set schedules for their employees through unified management.

21. As a result of this unified operation control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

22. Defendants together acted jointly and were the Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203.

## IV. FACTUAL ALLEGATIONS

23. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

24. Plaintiff was employed by Defendants as a customer service representative at the Company's facility in Cabot during all time periods relevant to this lawsuit.

25. Plaintiff worked as a salaried employee during the relevant periods.

26. During the period relevant to this lawsuit, Defendant classified Plaintiff and other salespeople as exempt from the overtime requirements of the FLSA and the AMWA and paid them

a salaried wage for all hours worked with no overtime premium.

27. Plaintiff and other salaried employees worked more than forty (40) hours per week on a regular basis within the three years prior to the filing of this Complaint.

28. As a direct result of Defendant's policies, even though Plaintiff and other similarly situated employees worked more than forty (40) hours in many weeks that they worked for Defendant during time period relevant to this Complaint, they were not paid an overtime premium for all of their overtime hours worked.

29. Defendants knew, or showed reckless disregard for, whether the way they paid Plaintiff violated the FLSA and AMWA.

30. Individually, Plaintiff was subjected to repeated offensive communications of a sexual nature from Defendant Mitchell, creating a hostile work environment.

31. Such communications include, but are not limited to, offensive comments regarding the sexuality of female co-workers and other women, questions about her appearance, and statements that all she could do was look good and get coffee.

32. These communications were directed to the Plaintiff in order to demean and humiliate her.

33. When Plaintiff complained about these comments to her supervisor she was ignored and made to fear losing her job for speaking out. As Mitchell was the owner of the owner of the Company, Plaintiff had no other outlet through which to voice her complaints and concerns.

34. Said fear of losing her job forced the Plaintiff to suffer in silence, causing her physical and emotional distress.

## V. REPRESENTATIVE ACTION ALLEGATIONS

35. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

36. Plaintiff brings her claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week; and

B. Liquidated damages and attorney's fees.

37. Plaintiff proposes the following class under the FLSA:

**All salaried employees of the Defendants during the three years prior to the filing of the Complaint.**

38. In conformity with the requirements of FLSA Section 16(b), Plaintiff will file her written Consent to Join this lawsuit.

39. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

40. The members of the proposed FLSA Class are similarly situated in that they share these traits:

A. They were classified by Defendant as exempt from the overtime requirements of the FLSA;

B. They were subject to Defendant's common policy requiring salaried workers to reduce their recorded hours of work by working off the clock, such as by clocking out and

continuing to work at the end of the workday; and

C.  They were subject to Defendant's common policy of reducing the recorded hours of work for salaried employees by modifying existing time clock records.

41. Plaintiff is unable to state the exact number of potential members of the FLSA Class but believe that the class exceeds forty (40) persons.

42. Defendants can readily identify the members of the class, which encompasses all salaried employees of Defendants' Cabot facility within the three-year period preceding the filing of Plaintiff's Original Complaint.

43. The names, addresses, and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

45. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

46. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

47. At all relevant times, Plaintiff has been an "employee" of Defendants as defined by 29 U.S.C. § 203(e).

48. At all relevant time, Defendants were an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

49. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51. During the period relevant to this lawsuit, Defendant classified Plaintiff as exempt from the overtime requirements of the FLSA.

52. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

53. Defendants failed to pay Plaintiff the overtime wages required under the FLSA for hours worked in excess of forty (40) per week.

54. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

55. Defendants' violations entitle Plaintiff to compensatory damages calculated as the full amount of wages owed at the applicable overtime rate, less the amount of wages actually received.

56. Defendants' violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C.

§ 216(b) of an amount equal to compensatory damages.

57.   Plaintiff is entitled to an award of his attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VII.   SECOND CLAIM FOR RELIEF
### (Individual Claim for Violation of AMWA)

58.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

59.   At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

60.   At all relevant times, Plaintiff has been an "employee" of Defendants, as defined by Ark. Code Ann. § 11-4-203(3).

61.   At all relevant times, Defendants were an "employer" of Plaintiff as defined by Ark. Code Ann. § 11-4-203(4).

62.   Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

63.   During the period relevant to this lawsuit, Defendant classified Plaintiff as exempt from the overtime requirements of the AMWA.

64.   Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate of pay for all hours worked over forty (40) in each one-week period.

65. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

66. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

67. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result thereof, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Arkansas Code Annotated § 11-4-218.

68. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the AMWA, he is entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

69. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

70. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

71. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

72. During the period relevant to this lawsuit, Defendant classified Plaintiff and all

similarly situated members of the FLSA collective as exempt from the overtime requirements of the FLSA.

73. Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

74. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

75. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

76. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### IX.  FOURTH CLAIM FOR RELIEF
**(Individual Action for Violation of the Arkansas Civil Rights Act)**

77. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

78. Prior to initiating this lawsuit the Plaintiff filed a claim with the Equal Employment Opportunity Commission which was subsequently discharged.

79. The Arkansas Supreme Court has recognized workplace sexual harassment which creates a hostile work environment as a violation of the Arkansas Civil Rights Act ("the ACRA"),

and looks to the Eighth Circuit Court of Appeals in defining the violation. *See Island v. Buena Vista Resort*, 103 S.W.3d 671, 352 Ark. 548 (Ark. 2003).

80. A Plaintiff asserting a hostile work environment must show (1) membership in a protected group or class, (2) unwelcome sexual harassment (3) based upon gender (4) resulting in an effect on a term, condition, or privilege of employment, and (5) that the employer knew or should have known about the harassment and failed to take proper remedial action, and (6) that the sexual harassment created an environment that was both objectively and subjectively abusive.

81. The ACRA provides that the right of an otherwise qualified person to be free from discrimination because of their gender, among other protected groups.

82. Defendant Mitchell's repeated sexually charged remarks and comments made to the Plaintiff about herself and other women were uninvited and unwelcome by the Plaintiff.

83. Such repeated statements were made to the Plaintiff in order to demean and humiliate her based on her gender.

84. When the Plaintiff reported these actions to her supervisor no action was taken by the Company or Mitchell. These actions caused the Plaintiff to fear retaliation and losing her job if she spoke up any further, violating her right to speak or defend herself in the workplace.

85. As the owner of the Company, and the individual conducting the harassing behavior, Mitchell knew that the harassment was occurring and failed to change his behavior even after the Plaintiff lodged a complaint with her supervisor.

86. Mitchell's repeated comments were both objectively and subjectively abusive, in that in that a reasonable person would find them to be, and the Plaintiff perceived the offensive and abusive.

87. By reason of the intentional discriminatory acts alleged herein, Defendant Mitchell is liable to Plaintiff for back pay with interest from the date she terminated her employment with the Company, compensatory punitive damages, court costs and a reasonable attorney's fee under the ACRA.

## X. FOURTH CLAIM FOR RELIEF
### (Individual Action for Outrage)

88. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

89. The tort of outrage consists of four elements: (1) that the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous, beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it. *McQuay v. Guntharp*, 331 Ark. 466, 963 S.W.2d 583 (Ark. 1998).

90. Plaintiff was regularly subjected to offensive sexually charged and offensive communications from Defendant Mitchell meant to demean and humiliate her, and Mitchell knew or should have known that such repeated and offensive communications would cause the Plaintiff emotional distress. Such communications include, but are not limited to, offensive comments regarding the sexuality of female co-workers and other women, questions about her appearance, and statements that all she could do was look good and get coffee.

91. When Plaintiff complained about this offensive behavior to her supervisor she was ignored and made to fear losing her job for speaking out. As Mitchell was the owner of the owner

of the Company, Plaintiff had no other outlet through which to voice her complaints and concerns.

92. Mitchell's conduct in repeatedly making such offensive, sexually charged statements to the Plaintiff were extremely offensive, indecent, and intolerable.

93. No reasonable person could be expected to endure such a hostile work environment.

94. By reason of the damages intentionally acts alleged herein, Defendant Mitchell is liable to Plaintiff for her pain and suffering, medical expenses, and punitive damages.

## XI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Nadia Graves individually and on behalf of all others similarly situated, respectfully requests this Court grant the following relief:

a) That each Defendant be summoned to appear and answer herein;

b) That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to them;

c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

d) A declaratory judgment that Defendants' practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

e) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

f) Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiff from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

g) Judgment for damages for all unpaid back wages at the applicable minimum wage owed to Plaintiff from a period of three (3) years prior to the date of filing under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

h) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid back wages at the applicable minimum wage from a period of three (3) years prior to this lawsuit through the date of trial owed to Plaintiff;

i) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations;

j) Judgment for damages for physical and emotional distress caused by the creation and maintaining of the hostile work environment;

k) Judgment for back pay with interest from the date she terminated her employment with the Company, compensatory and punitive damages, court costs and a reasonable attorney's fee for Defendant Mitchell's violations of the ACRA;

l) Judgment for compensatory and punitive damages intentionally caused by Defendant Mitchell's offensive and repeated communications with Plaintiff including compensatory damages, punitive damages, and medical expenses.

m) An order directing Defendants to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

n) Such other and further relief as this Court may deem necessary, just and proper

Respectfully submitted,

**Nadia Graves, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By:  *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law
Greg Ivester (ABN: 2007257)
greg@wh.law